IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARCUS D'ADDIO, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>WELLS FARGO CLEARING SERVICES, LLC (formerly known as WELLS FARGO ADVISORS LLC), d/b/a WELLS FARGO ADVISORS,<br><br>Defendant. | ) ) ) ) ) ) Cause No.<br>) ) JURY TRIAL DEMANDED<br>) ) ) ) ) ) |

## COLLECTIVE AND CLASS ACTION COMPLAINT

COMES NOW Plaintiff Marcus D'Addio, individually and on behalf of all others similarly situated, by and through his attorneys Brown, LLC and Engelmeyer & Pezzani, LLC, and for his cause of action against Defendant Wells Fargo Clearing Services, LLC (formerly known as Wells Fargo Advisors LLC), doing business as Wells Fargo Advisors, states and avers as follows:

## INTRODUCTION

1. This is a collective and class action brought pursuant to 29 U.S.C. § 216(b) and Fed. R. Civ. P. 23 by Plaintiff, Marcus D'Addio, individually and on behalf of all similarly situated persons employed by Defendant, arising from Defendant's willful violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and the Missouri Minimum Wage Law, Mo. Rev. Stat. §§ 290.500, *et seq.* ("MMWL").

2. Defendant offers nationwide financial advisory, brokerage, asset management and other financial services.

3. Plaintiff and other client associates were hourly-paid, non-exempt employees of

Defendant and regularly worked over 40 hours per week, but did not receive overtime compensation for all such hours due to Defendant's common unlawful policies that violate the FLSA and MMWL, including causing hourly-paid employees to report fewer hours on their timesheets than they actually worked.

4. Plaintiff bring his FLSA claims (Count I) on a collective basis pursuant to 29 U.S.C. § 216(b) on behalf of himself and all other similarly situated client associates employed by Defendant at any time within the three years preceding the commencement of this action through the date of judgment (the "Collective"), and seeks declaratory relief and unpaid overtime pay, liquidated damages, fees and costs, and any other remedies to which he may be entitled.

5. Plaintiff bring his MMWL claims (Count II), as well as claims for breach of contract under Missouri common law (Counts II and III), pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of himself and all other similarly situated client associates employed by Defendant in Missouri at any time within the two years preceding the commencement of this action through the date of judgment, and seeks declaratory relief and unpaid straight-time wages and overtime, liquidated damages, fees and costs, and any other remedies to which he may be entitled.

## THE PARTIES

6. Plaintiff is an adult individual who resides in St. Charles County, State of Missouri.

7. Plaintiff was employed by Defendant as a client associate from approximately March 2011 to May 2020 and worked in Defendant's office in Frontenac, Missouri.

8. Defendant Wells Fargo Clearing Services, LLC (formerly known as Wells Fargo Advisors LLC) is Delaware limited liability company registered in Missouri with its principal place of business at 1 North Jefferson Street, St. Louis, Missouri 63103.

9. Defendant does business as "Wells Fargo Advisors" and offers financial advisory, brokerage, asset management and other financial services.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. § 1331.

11. The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

12. The Court has personal jurisdiction over Defendant because it is domiciled in Missouri and because Plaintiff's claims arise out of Defendant's presence in Missouri.

13. Venue is proper under 28 U.S.C. § 1391(b) because Defendant resides in this District and because a substantial part of the events or omissions giving rise to Plaintiff's claim occurred in this District.

## FACTUAL ALLEGATIONS

14. Defendant has and continues to employ client associates.

15. Client associates are responsible for providing support and assistance for the processing of securities transactions.

16. Client associates are non-exempt employees under the FLSA and MMWL.

17. Client associates are paid an hourly rate of pay.

18. Defendant pays client associates based on the number of hours they report in Defendant's electronic timekeeping system.

19. Client associates are scheduled to work at least 5 shifts in most weeks, with most if not all shifts lasting at least 8 hours.

20. Client associates regularly work more hours in a day and/or week than the hours for which they are scheduled.

21. Client associates regularly work in excess of 8 hours in a day and/or 40 hours in a week.

22. Defendant maintains a *de facto* policy of prohibiting client associates from reporting more hours in a day and/or week than the hours for which they are scheduled.

23. Defendant's *de facto* policy causes associates to only report their scheduled hours, despite working additional hours.

24. As a result, in many weeks client associates have not been paid for all hours worked, including hours in excess of 40 in a workweek.

25. Defendant knew and/or recklessly disregarded that its client associates were working hours in addition to those for which they were scheduled and/or reported in the timekeeping system.

## COLLECTIVE ACTION ALLEGATIONS

26. Plaintiff repeats and re-alleges all preceding paragraphs of the Complaint inclusive, as if fully set forth herein.

27. Plaintiff brings this claim for relief for violation of the FLSA, both individually and as a collective action pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b). The proposed collective is defined as follows:

> *All client associates employed by Defendant at any time within the three years preceding the commencement of this action through the date of judgment.*

28. Plaintiff has filed his consent in writing pursuant to section 216(b). *See* **Exhibit 1.**

29. With respect to the claims set forth in this action, a collective action under the FLSA is appropriate because the employees described above are "similarly situated" to Plaintiff under

4

29 U.S.C. § 216(b). The collective of employees on behalf of whom Plaintiff brings this collective action are similarly situated because: (a) they have been or are employed in the same or similar positions; (b) they were or are subject to the same or similar unlawful practices, policy, or plan (i.e. Defendant causing hourly-paid employees to report fewer hours on their timesheets than they actually worked); and (c) their claims are based upon the same factual and legal theories.

30. The employment relationships between Defendant and every Collective member are the same and differ only by name and rate of pay. The key issues—the amount of uncompensated time owed to each Collective member—do not vary substantially among the Collective members.

31. Plaintiff estimates the Collective, including both current and former employees over the relevant period, will include several hundred members. The precise number of Collective members should be readily available from a review of Defendant's personnel and payroll records.

## RULE 23 CLASS ACTION ALLEGATIONS

32. Plaintiff brings this action pursuant to Fed R. Civ. P. 23(b)(2) and (b)(3) on his own behalf and on behalf of:

*All client associates employed by Defendant in Missouri at any time within the two years preceding the commencement of this action through the date of judgment.*

Plaintiff reserves the right to amend this definition as necessary.

33. Excluded from the proposed Class are Defendant's executives, administrative, and professional employees, including computer professionals and outside sales persons.

34. The members of the Class are so numerous that joinder of all Class members in this case would be impractical. Plaintiff reasonably estimates that there are at least 200 Class members. Class members should be easy to identify from Defendant's computer systems and electronic payroll and personnel records.

35. There is a well-defined community of interest among Class members and common questions of law and fact predominate in this action over any questions affecting individual members of the Class. These common legal and factual questions, include, but are not limited to, the following:

    a. Whether Class members worked more than forty (40) hours per week;

    b. Whether Defendant's policies caused Class members to not report hours worked over forty (40) in a workweek in their time sheets;

    c. Whether Defendant knew that Class members were not reporting hours worked over forty (40) in a workweek on their time sheets; and

    d. Whether Defendant's conduct was willful and/or not in good faith.

36. Plaintiff's claims are typical of those of the Class in that they and all other Class members suffered damages as a direct and proximate result of Defendant's common and systemic payroll policies and practices. Plaintiff's FLSA and MMWL claims arise from the same policies, practices, promises and course of conduct as all other Class members' claims and his legal theories are based on the same legal theories as all other Class members.

37. Plaintiff will fully and adequately protect the interests of the Class and has retained counsel who are qualified and experienced in the prosecution of nationwide wage and hour class actions. Neither Plaintiff nor his counsel have interests that are contrary to, or conflicting with, the interests of the Class.

38. A class action is superior to other available methods for the fair and efficient adjudication of this controversy, because, *inter alia*, it is economically infeasible for Class members to prosecute individual actions of their own given the relatively small amount of damages at stake for each individual along with the fear of reprisal by their employer. Prosecution of this case as a Rule 23 Class action will also eliminate the possibility of duplicative lawsuits.

39. This case will be manageable as a Rule 23 Class action. Plaintiff and his counsel know of no unusual difficulties in this case and Defendant has advanced, networked computer and payroll systems that will allow the class, wage, and damages issues in this case to be resolved with relative ease.

40. Because the elements of Rule 23(b)(3) are satisfied in this case, class certification is appropriate. *Shady Grove Orthopedic Assoc., P.A. v. Allstate Ins. Co.*, 559 U.S. 393; 130 S. Ct. 1431, 1437 (2010) ("[b]y its terms [Rule 23] creates a categorical rule entitling a plaintiff whose suit meets the specified criteria to pursue his claim as a class action").

41. Because Defendant acted and refused to act on grounds that apply generally to the Class and declaratory relief is appropriate in this case with respect to the Class as a whole, class certification pursuant to Rule 23(b)(2) is also appropriate.

## COUNT I
### (Brought on an Individual and Collective Basis)
### VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. § 201, *et seq.* -- FAILURE TO PAY OVERTIME

42. Plaintiff re-alleges and incorporates all previous paragraphs herein.

43. 29 U.S.C. § 207(a)(1) provides:

> [N]o employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

44. At all times relevant to this action, Defendant was an employer under 29 U.S.C. § 203(d) of the FLSA, subject to the provisions of 29 U.S.C. § 201, *et seq.*

45. Defendant is an enterprise whose annual gross volume of sales made or business done exceeds $500,000.

7

## VIOLATIONS OF MO. REV. STAT. § 290.500
## FAILURE TO PAY OVERTIME

54. Plaintiff re-alleges and incorporates all previous paragraphs herein.

55. Mo. Rev. Stat. § 290.505 provides, in relevant part:

> 1. No employer shall employ any of his employees for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.
>
> …
>
> 3. With the exception of employees described in subsection (2), the overtime requirements of subsection (1) shall not apply to employees who are exempt from federal minimum wage or overtime requirements including, but not limited to, the exemptions or hour calculation formulas specified in 29 U.S.C. Sections 207 and 213, and any regulations promulgated thereunder.
>
> 4. Except as may be otherwise provided under sections 290.500 to 290.530, this section shall be interpreted in accordance with the Fair Labor Standards Act, 29 U.S.C. Section 201, *et seq.*, as amended, and the Portal to Portal Act, 29 U.S.C. Section 251, *et seq.*, as amended, and any regulations promulgated thereunder.

56. At all times relevant to this action, Defendant was an employers under Mo. Rev. Stat. § 290.500(4), subject to the provisions of the MMWL.

57. At all times relevant to this action, Plaintiff and other Class members were "employees" of Defendant within the meaning of Mo. Rev. Stat. § 290.500(3).

58. Plaintiff and other Class members worked many workweeks in excess of 40 hours within the last two (2) years.

59. Defendant caused Plaintiff and other members of the Class to not report all of the hours they worked in excess of forty (40) in a workweek.

60. At all times relevant to this action, Defendant failed to pay Plaintiff and other Class

9

minimum wage of $7.25 per hour but less than 40 hours per week (i.e., "gap time" claims).

69. As a direct and proximate result of Defendant's breaches of the contracts alleged herein, Plaintiff and other Rule 23 Missouri Class members have been damaged, in an amount to be determined at trial.

### RELIEF REQUESTED

WHEREFORE, Plaintiff, Marcus D'Addio, individually and on behalf of all others similarly situated, by and through his attorneys, requests an entry of an Order the following relief:

a. Certifying this case as a collective action in accordance with 29 U.S.C. § 216(b) with respect to the FLSA claims set forth herein (Count I);

b. Certifying this action as a class action (for the Rule 23 Class) pursuant to Rule 23(b)(2) and (b)(3) with respect to Plaintiff's MMWL and common law claims (Counts II and III);

c. Ordering Defendant to disclose in computer format, or in print if no computer readable format is available, the names and addresses of all Collective members and Rule 23 Class members, and permitting Plaintiff to send notice of this action to all those similarly situated individuals, including the publishing of notice in a manner that is reasonably calculated to apprise the class members of their rights by law to join and participate in this lawsuit;

d. Designating Plaintiff as the representatives of the FLSA Collective and the Rule 23 Class and undersigned counsel as Class counsel for the same;

e. Declaring Defendant willfully violated the FLSA and the Department of Labor's attendant regulations as cited herein;

f. Declaring Defendant violated Mo. Rev. Stat. § 290.505 and that said violations were intentional, willfully oppressive, fraudulent and malicious;

g. Granting judgment in favor of Plaintiff and against Defendant and awarding Plaintiff and the FLSA Collective and Rule 23 Class the full amount of damages and liquidated damages available by law;

h. Granting judgment in favor of Plaintiff and against Defendant for violation of the Civil Rights Act and awarding Plaintiff the full amount of damages and liquidated damages available by law;

    i.      Awarding reasonable attorneys' fees and costs incurred by Plaintiff in filing this action as provided by statute;

    j.      Awarding pre- and post-judgment interest to Plaintiff on these damages; and

    k.      Awarding such other and further relief as this Court deems appropriate.

### DEMAND FOR JURY TRIAL

Plaintiff, Marcus D'Addio, individually and on behalf of all others similarly situated, by and through his attorneys, hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure and the court rules and statutes made and provided with respect to the above-entitled cause.

Dated: January 13, 2021

RESPECTFULLY SUBMITTED,

By: /s Anthony M. Pezzani
Anthony M. Pezzani, #52900MO
tony@epfirm.com
Emily W. Kalla, #66300MO
emily@epfirm.com
ENGELMEYER & PEZZANI, LLC
13321 N. Outer Forty Road, Suite 300
Chesterfield, MO 63017
Phone: (636) 532-9933
Fax: (314) 863-7793

*Local Counsel for Plaintiff*

12

Jason T. Brown
jtb@jtblawgroup.com
Nicholas Conlon
nicholasconlon@jtblawgroup.com
BROWN, LLC
111 Town Square Place, Suite 400
Jersey City, NJ 07310
Phone: (877) 561-0000
Fax: (855) 582-5297

*Lead Counsel for Plaintiff*

13