IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARCUS D'ADDIO and MICHAEL SILVESTRO,<br><br>　　　　Plaintiffs,<br><br>　　vs.<br><br>WELLS FARGO CLEARING SERVICES, LLC (formerly known as WELLS FARGO ADVISORS LLC), d/b/a WELLS FARGO ADVISORS,<br><br>　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)　Case No.  4:21-CV-00054-SEP<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**CONSENT MOTION TO DISMISS CLASS ACTION CLAIMS WITHOUT PREJUDICE, AND AUTHORIZE NOTICE TO POTENTIAL PLAINTIFFS**

　　Plaintiffs Marcus D'Addio and Michael Silvestro (herein "Plaintiffs") and Defendant Wells Fargo Clearing Services, LLC (herein "Wells Fargo" or "Wells Fargo Advisors") hereby jointly and respectfully request that the Court issue the simultaneously lodged proposed order (a) permitting the filing of Plaintiffs' Second Amended Complaint ("SAC"), which (i) dismisses Plaintiffs' state law, putative class action claims without prejudice, and (ii) alleges a revised, proposed collective for the Fair Labor Standards Act ("FLSA") claim asserted; (b) granting conditional collective action certification of the Collective alleged in the SAC and authorizing the parties to send an agreed notice, through a third-party administrator, to this Stipulated Collective pursuant to the stipulation attached hereto as Exhibit A to this Motion.  The SAC is attached hereto as Exhibit B to this Motion, and the proposed Notice is attached hereto as Exhibit C to this Motion.  In support of this Motion, the parties state as follows:

1. Through the currently operative First Amended Complaint, Plaintiffs assert individual and putative collective claims under the federal FLSA as well as putative class claims

-1-

under Missouri and Pennsylvania state law and Rule 23 of the Federal Rules of Civil Procedure.

2. Wells Fargo has filed an answer denying the allegations in Plaintiffs' First Amended Complaint. Wells Fargo contends that Plaintiffs and the putative collective and class members were paid for all hours worked, including payment at the legal premium overtime rate when applicable. Wells Fargo also denies that the claims alleged may be properly resolved on a class or collective basis.

3. With respect to their alleged FLSA claims, Plaintiffs have stated their intention to seek conditional certification of a collective of all hourly paid, non-exempt Client Associates as well as all hourly paid, non-exempt Operations Liaisons[1] employed by Defendant at any time within three years preceding commencement of this action. Wells Fargo has stated its intention to oppose this motion and also reserves and does not waive its argument that the pertinent limitations period is shorter than three years.

4. Plaintiffs contend that conditional certification should be analyzed under the "two-step" process adopted by several federal courts, including *Kafka v. Melting Pot Rests., Inc.*, 2019 WL 9465820, at *2 (W.D. Mo. Apr. 30, 2019).

5. Wells Fargo stated its position that the recently announced, revised analytical framework set forth in *Swales v. KLLM Transp. Servs., L.L.C.*, No. 19-60847, 985

---

[1] Client Associates and Operations Liaisons are two distinct positions. The operative complaint also sought to include current and former Brokerage Associates in the collective action portion of the case, and Wells Fargo has represented that the Brokerage Associate position referenced in the First Amended Complaint has been discontinued and was discontinued prior to the maximum pertinent limitations period here. The SAC therefore removes Brokerage Associates based on this representation.

F.3d 430, 434 (5th Cir. 2021) should apply to this matter absent an agreement to the contrary.

6. Rather than litigate the appropriate standard for conditional certification, and in order to promote efficiency and conserve resources among the parties and the Court, the parties have met and conferred and agreed to the Court's entry of an order conditionally certifying the Stipulated Collective consisting of a defined group of potential plaintiffs, as well as to the associated notice to be sent to these individuals, subject to the terms and conditions set forth in the stipulation attached hereto as Exhibit A.

7. The Stipulated Collective will consist of:

> **All hourly paid, non-exempt WFA Private Client Group ("PCG") Client Associates and Operations Liaisons employed by Wells Fargo Advisors who worked in these positions in Florida, Missouri, New York, and Pennsylvania at any time within the three years preceding the mailing of the notice, but excluding those Client Associates and Operations Liaisons subject to arbitration agreements, including without limitation the arbitration agreements with class and collective action waivers that Wells Fargo implemented for newly hired employees on or about December 11, 2015, but specifically not including FINRA Form U4 arbitration agreements.**

8. To effectuate the dismissal of the Rule 23, state law claims without prejudice and allege the Stipulated Collective, the parties have stipulated to the filing of the Second Amended Complaint, which is attached in Exhibit B to this Motion.  The parties agree

that the Court has jurisdiction over the Second Amended Complaint, which asserts a claim under federal law. The parties agree that the filing of the Second Amended Complaint will not render this Court an improper venue for this action.

9. Pursuant to the stipulation set forth in Exhibit A, the parties have agreed to provide notice to the members of the Stipulated Collective via first-class mail through the third-party administration firm Rust Consulting, Inc. The stipulated notice is set forth in Exhibit C to this Consent Motion.

10. Wells Fargo does not concede any liability or wrongdoing, and instead, Wells Fargo disputes the claims asserted in this case as well as any liability for them. Wells Fargo's agreement to this stipulation does not constitute an admission that Plaintiffs meet the conditions necessary for conditional certification of an FLSA collective action, and Wells Fargo reserves, and does not waive, its right to move later in the proceedings for decertification of the Stipulated Collective (or otherwise contest final collective action certification), and Plaintiffs agree that Wells Fargo has reserved and not waived this right.

11. In addition to alleging FLSA claims on behalf of a putative collective, Plaintiffs' First Amended Complaint also sought to certify two putative classes of hourly paid, non-exempt Client Associates and Operations Liaisons who worked for Defendant in Missouri and Pennsylvania, respectively, under Missouri and Pennsylvania state law and Federal Rule of Civil Procedure 23. No class has been certified with respect to these claims. The parties have agreed that, pursuant to the stipulation set forth in Exhibit A, Plaintiffs will dismiss these claims (Counts II-V of the First Amended Complaint) without prejudice pursuant to Fed. R. Civ. P. Rule 23(e) and by filing the

Second Amended Complaint.  (The parties agree that pursuant to a 2003 amendment to Rule 23, court approval of the dismissal of putative, un-certified class claims is not required.)

12. THEREFORE, the parties jointly and respectfully request that the Court enter the simultaneously lodged Order Dismissing Class Action Claims and Authorizing Notice to Potential Plaintiffs.

Respectfully submitted,

**BROWN, LLC**

/s/  _Nicholas Conlon_
Nicholas Conlon (admitted pro hac vice)
nicholasconlon@jtblawgroup.com
Jason T. Brown (admitted pro hac vice)
jtb@jtblawgroup.com
BROWN, LLC
111 Town Square Place, Suite 400
Jersey City, NJ 07310
Phone: (877) 561-0000
Fax: (855) 582-5297

*Lead Counsel for Plaintiff*

Anthony M. Pezzani, #52900MO
tony@epfirm.com
ENGELMEYER & PEZZANI, LLC
13321 N. Outer Forty Road, Suite 300
Chesterfield, MO 63017
Phone: (636) 532-9933
Fax: (314) 863-7793

*Local Counsel for Plaintiff*

**MUNGER, TOLLES & OLSON LLP**

/s/        _Malcolm A. Heinicke_
Malcolm A. Heinicke #194174CA
(admitted pro hac vice)
malcolm.heinicke@mto.com
Margaret G. Maraschino #267034CA
(admitted pro hac vice)
margaret.maraschino@mto.com
David W. Moreshead #305362CA
(admitted pro hac vice)
david.moreshead@mto.com
Virginia Grace Davis #336732CA
(admitted pro hac vice)
grace.davisfisher@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street, 27th Floor
San Francisco, CA 94105
Telephone: 415.512.4000
Facsimile: 415.512.4077

Charles Jellinek #44462MO
cbjellinek@bclplaw.com
Amanda Colvin #61763MO
amanda.colvin@bclplaw.com
BRYAN CAVE LEIGHTON PAISNER LLP
One Metropolitan Square
211 North Broadway
Suite 3600
St. Louis, MO 63102

Telephone: 314.259.2000
Facsimile: 314.259.2020

*Attorneys for Defendant*
*Wells Fargo Clearing Services, LLC*