IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARCUS D'ADDIO and MICHAEL SILVESTRO, <br><br> Plaintiffs, <br><br> vs. <br><br> WELLS FARGO CLEARING SERVICES, LLC (formerly known as WELLS FARGO ADVISORS LLC), d/b/a WELLS FARGO ADVISORS, <br><br> Defendant. | Case No.  4:21-CV-00054-SEP |

**DEFENDANT WELLS FARGO CLEARING SERVICES, LLC'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR DECERTIFICATION OF THE CONDITIONALLY CERTIFIED COLLECTIVE ACTION**

**I.    INTRODUCTION AND SUMMARY OF ARGUMENT**

Defendant Wells Fargo Clearing Services, LLC d/b/a Wells Fargo Advisors ("Wells Fargo" or "Defendant") respectfully requests that the Court issue an order decertifying this matter, dismissing the claims of the opt-in plaintiffs without prejudice, and authorizing the parties to send the concurrently lodged proposed notice to the opt-in plaintiffs.

On June 22, 2021, pursuant to a stipulation of the parties, the Court conditionally certified this matter as a collective action under the federal Fair Labor Standards Act ("FLSA"). *See* ECF Nos. 41 & 44.  Following the completion of the resulting notice and opt in process as well as significant discovery, on June 24, 2022, Wells Fargo moved for an order decertifying the collective action.  *See* ECF No. 73.  On July 12, 2022, Plaintiffs Marcus D'Addio and Michael Silvestro ("Plaintiffs") filed a notice stating that they did not oppose the motion.  Specifically, Plaintiffs stated that they did not oppose "(1) decertification of the conditionally certified

1

collective action; (2) dismissal of the claims of the opt-in Plaintiffs without prejudice along with an appropriate, Court-approved notice to the opt-in Plaintiffs concerning the effect of decertification on their claims and their remaining rights; and (3) leave for Defendant to file a motion to compel the named Plaintiffs' individual claims to arbitration before the Financial Industry Regulatory Authority ("FINRA") pursuant to their arbitration agreements, which Plaintiffs do not intend to oppose." ECF No. 74 at 1.[1]

In light of the foregoing, and for the reasons set forth in its initial motion and below, Wells Fargo respectfully requests that the Court review the motion and associated record and then issue its own order (1) decertifying the collective and setting forth the reasons for doing so, (2) dismissing the claims of the opt-in plaintiffs without prejudice, and (3) authorizing the parties (through the notice administrator) to send the opt-in plaintiffs the stipulated notice submitted concurrently with this pleading.  As set forth below, in a situation like this one in which the plaintiffs in an FLSA action do not oppose decertification, it is still procedurally appropriate for the Court to issue its own order reflecting a review of the record and setting forth its reasons for granting decertification.

## II.    ARGUMENT

In FLSA cases, district courts in the Eighth Circuit have followed a two-step process that consists of an initial conditional certification stage and a final decertification stage. *Ford v. Townsends of Ark., Inc.*, No. 4:08-cv-00509 BSM, 2010 WL 1433455, at *3 (E.D. Ark. Apr. 9, 2010).  Here, conditional certification was already granted per a stipulation, and so the pending motion for decertification should be evaluated under the second step in which district courts apply a "stricter standard to determine whether the putative class members are similarly situated

---

[1] Wells Fargo intends to seek to compel the remaining individual claims of Plaintiffs D'Addio and Silvestro to arbitration.  Following the issuance of the order requested here, the parties will meet and confer to assess whether this can be achieved through a consent motion that will effectively bring this matter to a close in this Court.  Wells Fargo respectfully submits that leave to file such a motion is not required, but of course, it does not object to this Court specifically providing it leave to do so if the Court so chooses.

2

and whether the trial should proceed collectively." *Id.*  In its motion, Wells Fargo detailed the reasons why decertification is required here.  Plaintiffs have responded by filing a notice of non-opposition.  There was no settlement reached, and Wells Fargo is not providing Plaintiffs any consideration for their filing of their non-opposition.  In such situations, district courts grant decertification, but given the procedural requirements of the FLSA, it is appropriate for the district court to review the factual record and pertinent precedent and then issue its own order explaining why decertification is proper.

This is because some federal courts have held that in FLSA matters, court approval is required for the dismissal of the case, and as such, an FLSA plaintiff cannot unilaterally dismiss the case but must instead obtain court approval to do so.  *See, e.g., Samake v. Thunder Lube, Inc.*, 24 F.4th 804, 811 (2d Cir. 2022) (suggesting that if the review revealed that no settlement was reached and no consideration paid for the dismissal or release, then the dismissal requested should be ordered without further review).  Along similar lines and most to the point here, courts have held that when the plaintiffs in an FLSA action effectively yield to the evidence and arguments presented by the defendant and do not oppose a motion for decertification, the Court should still review the motion and associated record citations to ensure that the decertification order requested is "fair and equitable."  See *Norris v. Bluestem Brands, Inc.*, No. 16-cv-03954 (ECT/TNL), 2019 WL 1767408, at *1 (D. Minn. Apr. 22, 2019).

Specifically, in *Norris*, the parties sought to obtain decertification and dismissal of the opt-in plaintiffs by stipulation.  The court found that "court approval of decertification and dismissal in FLSA matters is at least advisable, and perhaps required," and so it required the submission of a motion for decertification.  *See id.*  After confirming that there was no settlement and that neither the plaintiffs nor their counsel were receiving any consideration in exchange for their non-opposition to the request, the court granted decertification and explained the basis for doing so in its own order.  *See id.* at *3–5.

Here, once again, Wells Fargo has already filed a motion for decertification.  There is no settlement, and Plaintiffs and their counsel will receive no consideration for their decision not to

3

oppose the motion for decertification. And, Wells Fargo respectfully submits that the reasons why decertification are appropriate are set forth in the initial motion with detailed citations to the factual record. In summary, those reasons are as follows:

- Wells Fargo did not adopt a policy or practice requiring the off-the-clock overtime work that Plaintiffs allege. To the contrary, the record is clear that: (a) Wells Fargo's actual and clearly communicated policies require Client Associates ("CAs") to record all time worked accurately, including unapproved overtime hours; (b) CAs are paid for all time recorded; and (c) CAs, including many plaintiffs, routinely recorded and were paid for overtime.

- Plaintiffs' allegations that their branch-level supervisors occasionally and orally prevented recording all time worked are not only contrary to the established evidence (including declarations from other CAs), but they vary significantly. Plaintiff D'Addio claims that he felt "guilt" about recording post-shift overtime, but he is literally the only plaintiff from Missouri in this case, and he admits that he was not told to work off the clock but was instead told many times **never** to do so. Plaintiff Silvestro is the only plaintiff from his Philadelphia branch, and he claims that his branch management orally instructed him and the CAs in his branch "to never record overtime." But the record shows that CAs in his branch frequently recorded overtime. In fact, Plaintiffs D'Addio and Silvestro disagree on the veracity of a key part of their complaint: D'Addio admits the allegation "that Wells Fargo prohibited Client Associates and Operations Liaisons from reporting more hours in a day and/or week than the hours for which they were scheduled" is "false," whereas Silvestro stands by it. The opt-in plaintiffs from other branches who were deposed have still differing theories. *See Lindsay v. Clear Wireless LLC*, No. 13-834(DSD/FLN), 2016 WL 916365, at *5 (D. Minn. Mar. 10, 2016) (granting decertification in a similar case because, given the different locations and supervisors of the 127 plaintiffs and the resulting "different experiences with respect to the off-the-clock work and overtime" alleged, trying the claims together would require "individual inquiries").

- Wells Fargo has presented several individualized defenses, including statute of limitations defenses for some opt-in plaintiffs, arbitration arguments for others, a release argument for one, failure to record arguments for all of them and, perhaps most importantly, credibility arguments for almost all of the plaintiffs deposed. These factors all weigh heavily in favor of decertification. *See Burch v. Qwest Commc'ns Int'l, Inc.*, 677 F. Supp. 2d 1101, 1120–21 (D. Minn. 2009) (the need to assess limitations and failure to report defenses weighs in favor of decertification); *see also Lindsay,* 2016 WL 916365, at *6 (holding that when the plaintiffs have varied experiences, the defendants "have the right to challenge each plaintiff's credibility in light of their varied experiences and can do so only

4

- by cross-examining him or her," and this requires "individual inquiries" that compel decertification).

- Because there is no uniform policy under common attack and employee experiences vary by differing locations and supervisors, then the resulting "need to engage in mini-trials for each Plaintiff" renders collective treatment inappropriate and requires decertification. *See, e.g.*, *Burch*, 677 F. Supp. 2d at 1121–22 (granting decertification for off-the-clock claims similar to those alleged here); *White v. 14051 Manchester Inc.*, 301 F.R.D. 368, 372, 378–79 (E.D. Mo. 2014) (granting decertification because the alleged policy did not have homogeneous effects and instead the claims depended on individual factors such as the employee's location, the employee's manager, and the amount of time worked).

In addition to requesting that the Court issue an order decertifying the case and setting forth the reasons for doing so, which are stated in the pending motion and summarized above, Wells Fargo also respectfully requests that the Court take the associated and standard step of dismissing the claims of the opt-in plaintiffs without prejudice. *See Norris*, 2019 WL 1767408, at *5 (finding that "[b]ecause the Court agrees with the Parties that this conditional FLSA class should be decertified, the Opt-In Plaintiffs' claims must be dismissed without prejudice" (citing *Nerland v. Caribou Coffee Co., Inc.,* 564 F. Supp. 2d 1010, 1017–18 (D. Minn. 2007))).

Finally, Wells Fargo respectfully requests that the Court authorize the parties (through the notice administrator) to send their stipulated notice to the opt-in plaintiffs notifying them of the decertification order and the associated dismissal of their claims without prejudice. *See Norris,* 2019 WL 1767408, at *5 (authorizing the parties to send a stipulated notice to the opt-in plaintiffs). Wells Fargo has concurrently lodged the proposed notice to which Plaintiffs, through their counsel, have stipulated. As set forth in the proposed notice, Wells Fargo has agreed that the limitations period for the FLSA claims of each opt-in plaintiff has been tolled from the time each such plaintiff opted into the case until the date that is sixty (60) days following the mailing of the notice, and Wells Fargo has no objection to the Court stating this or otherwise confirming this tolling in its Order granting decertification, dismissing the claims of the opt-in plaintiffs, and authorizing the stipulated notice.

5

**III.     CONCLUSION**

For the foregoing reasons, Wells Fargo respectfully requests that the Court issue an order (1) decertifying the collective action and setting forth the reasons why doing so is appropriate, *i.e.*, fair and equitable, on the record presented, (2) dismissing the claims of the opt-in plaintiffs without prejudice, and (3) authorizing the parties (through the notice administrator) to send the opt-in plaintiffs the stipulated notice submitted concurrently with this pleading.

Respectfully submitted,

MUNGER, TOLLES & OLSON LLP

/s/   *Malcolm A. Heinicke*
Malcolm A. Heinicke #194174(CA)
(admitted pro hac vice)
malcolm.heinicke@mto.com
Margaret G. Maraschino #267034(CA)
(admitted pro hac vice)
margaret.maraschino@mto.com
David W. Moreshead #305362(CA)
(admitted pro hac vice)
david.moreshead@mto.com
Virginia Grace Davis #336732(CA)
(admitted pro hac vice)
grace.davisfisher@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street, 27th Floor
San Francisco, CA 94105
Telephone: 415.512.4000
Facsimile: 415.512.4077

Charles Jellinek #44462(MO)
cbjellinek@bclplaw.com
Amanda Colvin #61763(MO)
amanda.colvin@bclplaw.com
BRYAN CAVE LEIGHTON PAISNER LLP
One Metropolitan Square
211 North Broadway
Suite 3600
St. Louis, MO 63102

6

Telephone: 314.259.2000
Facsimile: 314.259.2020

*Attorneys for Defendant*
*Wells Fargo Clearing Services, LLC*