IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARCUS D'ADDIO and MICHAEL SILVESTRO,<br><br>      Plaintiffs,<br><br>vs.<br><br>WELLS FARGO CLEARING SERVICES, LLC (formerly known as WELLS FARGO ADVISORS LLC), d/b/a WELLS FARGO ADVISORS,<br><br>      Defendant. | Case No.  4:21-CV-00054-SEP |

**CONSENT MOTION REQUESTING STATUS CONFERENCE**

Plaintiffs Marcus D'Addio and Michael Silvestro and Defendant Wells Fargo Clearing Services, LLC hereby jointly and respectfully request that the Court schedule a telephonic status conference to address the status of the case and vacate the pending case management deadlines in light of the pending and unopposed motion for decertification of the collective action, the granting of which will effectively pave the way to dismissal of the case.  In support of this Motion and the associated request, the parties state as follows:

1. Plaintiffs assert individual and putative collective claims under the Fair Labor Standards Act ("FLSA") (the state law claims originally pled have been dismissed).  *See* ECF Nos. 44 and 45).

2. On June 22, 2021, pursuant to a stipulation of the parties, the Court conditionally certified this matter as a collective action under the federal Fair Labor Standards Act ("FLSA").  *See* ECF Nos. 41 & 44.  Following the completion of the resulting notice and opt in process as well as significant discovery, and consistent with this

        Court's Case Management Order, on June 24, 2022, Wells Fargo moved for an order decertifying the collective action. *See* ECF No. 73.

3. On July 12, 2022, Plaintiffs Marcus D'Addio and Michael Silvestro ("Plaintiffs") filed a notice stating that they did not oppose the motion. Specifically, Plaintiffs stated that they did not oppose "(1) decertification of the conditionally certified collective action; (2) dismissal of the claims of the opt-in Plaintiffs without prejudice along with an appropriate, Court-approved notice to the opt-in Plaintiffs concerning the effect of decertification on their claims and their remaining rights; and (3) leave for Defendant to file a motion to compel the named Plaintiffs' individual claims to arbitration before the Financial Industry Regulatory Authority ("FINRA") pursuant to their arbitration agreements, which Plaintiffs do not intend to oppose." ECF No. 74 at 1.[1]

4. On August 12, 2022, Wells Fargo filed a reply memorandum detailing the procedural requirements under the FLSA for a decertification order and respectfully renewing its request that the Court review the motion and associated record and then issue its own order (1) decertifying the collective and setting forth the reasons for doing so, (2) dismissing the claims of the opt-in plaintiffs without prejudice, and (3) authorizing the parties (through the notice administrator) to

---

[1] Wells Fargo intends to seek to compel the remaining individual claims of Plaintiffs D'Addio and Silvestro to arbitration. Following the issuance of the order requested here, the parties will meet and confer to assess whether this can be achieved through a consent motion that will effectively bring this matter to a close in this Court. Wells Fargo respectfully submits that leave to file such a motion is not required, but of course, it does not object to this Court specifically providing it leave to do so if the Court so chooses.

        send the opt-in plaintiffs the stipulated notice submitted concurrently with the motion. *See* ECF No. 75.

5. On August 19, 2022, consistent with its earlier Case Management Order, the Court referred the matter to ADR and set a deadline for mediation for December 16, 2022. The parties respectfully submit that given the pending and unopposed motion for decertification and associated procedural impact of an order granting the motion, the mediation is no longer appropriate because, upon granting of the instant motion, it will then be appropriate to compel Plaintiffs' remaining individual claims to arbitration and dismiss the instant action without prejudice.

6. The parties therefore respectfully request a status conference to address the status of the case and the pending and unopposed motion for decertification and to request that the Court vacate the ADR deadline and remaining case management deadlines. In the alternative, the parties respectfully request that the Court review the motion and associated record and then issue an order (1) decertifying the collective and setting forth the reasons for doing so, (2) dismissing the claims of the opt-in plaintiffs without prejudice, and (3) authorizing the parties (through the notice administrator) to send the opt-in plaintiffs the stipulated notice submitted concurrently with this pleading.

7. There is no status conference presently set on the Court's calendar for this case.

8. The parties seek this relief in order to conserve the Court's time and resources and serve the interests of judicial economy for the parties.

THEREFORE, the parties jointly and respectfully request that the Court either (a) schedule a telephonic status conference to address the status of the case and vacate pending case management deadlines in light of the pending and unopposed motion for decertification of the collective action, the granting of which will effectively end the case; or (b) that the Court review the motion and associated record and then issue an order (1) decertifying the collective and setting forth the reasons for doing so, (2) dismissing the claims of the opt-in plaintiffs without prejudice, and (3) authorizing the parties (through the notice administrator) to send the opt-in plaintiffs the stipulated notice submitted concurrently with the motion for decertification. Following such an order, the parties anticipate the filing of a consent motion to compel Plaintiffs' individual claim to arbitration and dismiss the instant action without prejudice; or (c) both of the above.

Respectfully submitted,

MUNGER, TOLLES & OLSON LLP

*Malcolm A. Heinicke*
Malcolm A. Heinicke #194174(CA)
(admitted pro hac vice)
malcolm.heinicke@mto.com
Margaret G. Maraschino #267034(CA)
(admitted pro hac vice)
margaret.maraschino@mto.com
David W. Moreshead #305362(CA)
(admitted pro hac vice)
david.moreshead@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street, 27th Floor
San Francisco, CA 94105
Telephone: 415.512.4000
Facsimile: 415.512.4077

Charles Jellinek #44462(MO)
cbjellinek@bclplaw.com
Amanda Colvin #61763(MO)
amanda.colvin@bclplaw.com
BRYAN CAVE LEIGHTON PAISNER LLP
One Metropolitan Square
211 North Broadway
Suite 3600
St. Louis, MO 63102
Telephone: 314.259.2000
Facsimile: 314.259.2020

*Attorneys for Defendant*
*Wells Fargo Clearing Services, LLC*